UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

_____

**John Kneipp**

**On Behalf of Himself
And all Others Similarly Situated,**

    **Plaintiffs**

    **v.**                                                Case No.  17-CV-857

**Re-vi Design, LLC**

    **Defendant.**

_____

## COMPLAINT
_____

Plaintiffs, by their attorneys, for their Complaint against Defendant state as follows:

1. This is a collective action under the Fair Labor Standards Act, and a class and individual action under Wisconsin wage laws, to seek redress for Re-vi Design, LLC (Re-vi)'s failure to pay to them the full amount of overtime and prevailing wages required by law.

### JURISDICTION AND VENUE

2. This court has subject matter jurisdiction under 29 USC §216(b) and 28 U.S.C. §1331 because Plaintiffs allege violations of the FLSA, 29 U.S.C. §201 et seq.

3. This Court has supplemental jurisdiction over the Plaintiff's claims brought under Wisconsin law pursuant to 28 U.S.C. §1367 because they are based upon the same nucleus of operative facts, and therefore form the same case or controversy as their FLSA claims.

4. This Court has personal jurisdiction over the Defendant because it resides at Wausau, Wisconsin, and within this district. Re-vi focuses its operations in, so that much of the work for which the Plaintiff did not receive the correct amount of pay from Re-vi occurred within this district.

5. Venue is proper in this district pursuant to 28 U.S.C. §1391(b)(2) & (c) because a substantial part of the events giving rise to the claims described herein occurred in this district and Defendant may be found within this district.

## THE PARTIES

6. Plaintiffs are adult residents of the State of Wisconsin who worked for Re-vi during the time period on or after November 10, 2014. All plaintiffs resided within the Western District of Wisconsin while they worked for Re-vi. Copy of FLSA and Wisconsin consent forms signed by Named Plaintiff Kneipp are attached to this Complaint.

7. Defendant Re-vi is a Wisconsin limited liability corporation with a principal place of business located at 4701 County Road Z in Wausau, Wisconsin. Upon information and belief the Defendant performs landscaping, maintenance, and snow removal work, on both prevailing wage and non-prevailing wage projects, throughout Western Wisconsin. During any given year Re-vi would employ 30 or more employees to perform work.

8. Re-vi is an employer within the meaning of Wisconsin prevailing wage laws; and within the meaning of Wis. Stat. §109.01(2). Re-vi is also an employer engaged in interstate commerce within the meaning of the FLSA, 29 U.S.C. §203, by, for example, purchasing equipment, materials, and other supplies that were directly or indirectly produced outside Wisconsin, and entering into contracts directly or indirectly with non-Wisconsin suppliers and

2

customers. At all relevant times, Re-vi has had annual gross volume of business at or above $500,000.

## FACTS

9. Re-vi pays to its employees different wage rates depending on whether the Plaintiffs performed snow removal work or non-snow removal work.

10. The Plaintiffs would receive the same rate for all non-snow removal work, regardless of the specific tasks that they performed; unless they performed those tasks on a prevailing wage project. For performing the same kind of work the Plaintiffs would receive a lower rate if they performed the work on a non-prevailing wage project, and a higher rate if they performed the same work on a prevailing wage project.

11. At all times relevant to the Complaint, Re-vi maintained a uniform policy of paying overtime pay computed using the rate for the type of work that the employee performed during overtime hours worked, rather than the often higher blended average wage rate earned by the employee during the workweek.

12. Throughout their workdays the Plaintiffs would maintain an electronic record of their daily activities, including the times when they first punched out, and then later punched in for lunch. At the end of each day the punch times would be provided to and reviewed by Re-Vi supervisors for payroll and other related purposes.

13. When the punch in and punch out times for the Plaintiffs' meal breaks revealed that the Plaintiffs took less than a full 30 minutes for lunch, Re-vi would deduct half an hour from the Plaintiffs' work time, without making any efforts to communicate to the Plaintiffs that their lunch break must be an uninterrupted break of at least 30 minutes in duration.

14. Re-vi is not signatory to any collective bargaining agreement, so that it has not, and is not eligible to apply for a waiver pursuant to DWD §274.05.

15. There were workweeks when according to the check stubs for Named Plaintiff Kneipp, he was not paid at all for some of his hours worked, or did not receive any overtime premium pay even though he worked more than 80 total hours during a biweekly period.

16. While Re-vi Design did make a payment to Kneipp that bypassed its normal payroll process, said payment does not make up for the full amount the underpayment shown on Kneipp's check stubs.

17. During both the 2016 and 2017 construction seasons Kneipp worked on a prevailing wage project by performing landscaping work on or around bike paths and public sidewalks. In neither season was Kneipp's work limited to maintenance work. Upon information and belief bidding and contract signing for said prevailing wage project was completed by no later than 2016.

18. For his landscaping work on or alongside a local street, as that term is used in DWD §290.035(4), Kneipp was paid at an hourly rate of either $18 or $29.06 per hour in 2016, and at an hourly rate of $15 per hour in 2017.

19. During 2016 Kneipp did not receive any fringe benefits from Re-Vi with the exception of holiday pay.

20. During 2017 Kneipp did not receive any fringe benefits from Re-Vi with the exception of holiday and vacation pay.

**COLLECTIVE ACTION ALLEGATIONS**

21. Named Plaintiff brings his First Claim for Relief, pursuant to the Fair Labor Standards Act, on his own behalf and on behalf of all other similarly situated Plaintiffs who did

4

not receive all overtime pay that they are entitled to under the FLSA, as a result of Re-vi's uniform practice of paying overtime pay using the rate for the type of work performed during overtime hours worked, even though the different pay rates received by the Plaintiffs were determined by whether they worked on a prevailing wage project, rather than by the types of work they performed.

22.     The First Claim for Relief for violations of the FLSA may be brought and maintained as an "opt-in" collective action pursuant to Section 16(b) of FLSA, 29 U.S.C. §216(b), for prospective members of the FLSA Class that are similarly situated to the Named Plaintiffs and have claims that are similar to their first claim for relief.

23.     The claims of the Named Plaintiff are representative of the claims of members of the FLSA Class in that such employees were hourly employees, worked for Re-vi and have suffered an underpayment of the correct amount of overtime pay as a result of Re-vi's uniform method of computing overtime pay in violation of the FLSA.

## CLASS ALLEGATIONS

24.     Named Plaintiffs seek to represent a class of all current and former employees of Re-vi who fall within the following class description, pursuant to Rule 23 of the Federal Rules of Civil Procedure:

> All jobsite workers of the Defendant who, during the time period on or after November 10, 2017, was either (1) paid at a rate lower than 1.5 times his/her average straight time wage rate earned during the workweek for any overtime hours worked; or (2) had a lunch period deducted from his/her hours worked, even though records turned in to Re-vi showed that the lunch break was less than 30 minutes in duration.

25.     The persons in the class identified above are so numerous that joinder of all members is impracticable. Upon information and belief, Revi has employed 40-60 total jobsite employees during the time period on or after February 17, 2015, the vast majority of whom would

have worked on a prevailing wage project during a portion of a workweek, during which he or she worked more than 40 hours.

26. Upon information and belief, during the time period on or after February 17, 2015, the vast majority of Revi's employees would have reported to Revi that they took at least one lunch break of less than 30 minutes in duration, but nonetheless had 30 minutes deducted from their worktime.

27. There are questions of law and fact common to the Wisconsin Unpaid Wage Class (Rule 23 Class) that predominate over any questions solely affecting individual members of the class, including, but not limited to:

   (a). Whether under Wisconsin law overtime pay must equal 1.5 times the average straight time wage rate earned by employees during the workweek;

   (b). Whether under Wisconsin law employees must be paid for all meal breaks of less than 30 minutes in duration;

   (c). Whether Re-vi at least should have known that its employees sometimes did not take a meal break of at least 30 minutes in duration, because its supervisors reviewed records of when the employees punched out and punched in for lunch;

   (d). Whether Re-vi had, and adequately enforced a policy requiring employees to take a meal break that is at least 30 minutes in duration;

   (e). Appropriate straight time and overtime damages the Plaintiffs are entitled to for their work time that Re-vi improperly deducted.

28. Named Plaintiffs' claims are typical of those of the Wisconsin Unpaid Wage Class. Named Plaintiffs, like other Wisconsin Unpaid Wage Class members, were subject to Defendants' uniform policy of compensating all work on prevailing wage projects based upon the rate for the classification that the work falls under, regardless of whether said work is related to, rather than separate and distinct from other work in a higher paid job classification.

29.     Named Plaintiffs will fairly and adequately protect the interests of the Wisconsin Unpaid Wage Class and has retained counsel experienced in complex wage and hour litigation.

30.     Class certification of Count II of the Complaint is appropriate under Fed. R. Civ. P. 23(b)(3) because the common questions identified in paragraph 27 of this First Amended Complaint are susceptible to uniform answers that are likely to drive the resolution of this litigation; while damages can be computed in a manageable manner by utilizing Re-vi's time and payroll records.

31.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy. Defendant's common and uniform policies and practices denied the Wisconsin Unpaid Wage Class the wages for work performed to which they are entitled. The damages suffered by the individual Wisconsin Unpaid Wage Class members are small compared to the expense and burden of individual prosecution of this litigation. In addition, class certification is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendant's pay practices.

**Count I.    Overtime Pay Claim Under the Fair Labor Standards Act.**

32.     Plaintiffs re-allege, and incorporate by reference, the allegations contained in paragraphs 1- 31 of the Complaint.

33.     Under the FLSA, overtime pay must be computed using the employee's regular rate of pay, unless there was an agreement or understanding between the employer and the employee to compensate for overtime hours worked using the rate for the type of work performed during overtime hours.

34. An employer may compute overtime pay using the rate for the type of work performed during overtime hours worked, even with its employees' agreement, only if the employee was performing two or more kinds of work for which different rates have been established.

35. With the exception of when the Plaintiffs performed snow plowing work, the rates that Re-vi used to compensate the Plaintiffs were solely dependent on whether the Plaintiffs worked on the jobsite for a prevailing wage project, and had nothing to do with the kinds of work that the Plaintiffs performed.

36. Re-vi therefore violated the FLSA by computing the Plaintiffs' overtime pay using the rate for the type of work that the Plaintiffs performed during overtime hours, rather than the higher regular blended wage rate earned by the Plaintiffs throughout the workweek.

37. Re-vi additionally violated the FLSA by failing to pay any overtime pay to the Named Plaintiff, during several weeks when he worked more than 40 hours per week.

38. The Plaintiffs are entitled to application of the three year statute of limitations for Re-vi's willful violations of the FLSA when Re-vi's failure to make any attempt to ensure that it computed overtime pay in a manner consistent with its official policy was at a minimum reckless, rather than merely negligent.

39. The plaintiffs are additionally entitled to their reasonable attorneys fees and costs of bringing their FLSA claims against Re-vi.

**Count II.    Claim for Straight Time and Overtime Pay Under Wisconsin Law.**

40. Plaintiffs re-allege, and incorporate by reference, the allegations contained in paragraphs 1- 39 of the Complaint.

41. Re-vi violated Wisconsin law, in particular DWD §274.03, when it failed to compensate the Plaintiffs for their overtime hours worked at a rate equal to 1.5 times their average wage rate earned during the workweek.

42. Re-vi additionally violated Wisconsin law when it failed to include all prevailing wages that the Named Plaintiff should have received when computing his rate of overtime pay.

43. Re-vi additionally violated Wisconsin law by deducting half an hour from the Plaintiffs' work time even though they took a lunch break that was less than 30 minutes in duration when it knew that its employees sometimes took a lunch break of less than 30 minutes in duration, and did nothing to enforce a rule that the lunch break must be at least 30 minutes in duration.

44. Re-vi additionally violated Wisconsin law by failing to pay the Named Plaintiff the agreed upon rate of compensation for some of his hours worked; and by failing to pay to the Named Plaintiff any overtime premium pay for some of his hours worked over 40 hours during the week.

45. For their unpaid work time the Plaintiffs are entitled to recover, in addition to additional overtime pay once the unpaid work time is counted as hours worked, straight time pay at the rate applicable to the project at which the unpaid time occurred.

46. Plaintiffs are entitled to recover, in addition to all overtime wages owed to them by Re-vi, 50% of the owed wages as increased damages, plus their attorneys fees and costs of bringing these Wisconsin law claims.

**Count III.    Wisconsin Prevailing Wage Claim Against Defendants**

47. Plaintiffs re-allege, and incorporate by reference, the allegations contained in paragraphs 1- 46 of the Complaint.

48. For all of his work on a prevailing wage project, with the exception of any maintenance work, the Named Plaintiff was entitled to the Local Street Construction Landscaper rate of $46.32 per hour.

49. While Re-vi would have been entitled to claim a credit against the prevailing wage for vacation and holiday pay that it provided to the Named Plaintiff, those credits cannot explain why it paid the Named Plaintiff $15, $18, or $29.06 per hour for his work on its prevailing wage project.

50. Plaintiff is entitled to recover against Re-vi, in addition to all owed prevailing wages, 100% increased damages, as well as his attorneys fees and costs of bringing these prevailing wage claims.

WHEREFORE, the Plaintiffs respectfully request the Court to enter an order that:

1. Finds that Re-vi is liable to the Plaintiffs for all unpaid overtime pay, 100% liquidated damages, and attorneys fees and costs arising out of the Plaintiffs' claims under the Fair Labor Standards Act;

2. Finds that Re-vi is liable to the Plaintiffs for all unpaid straight time and overtime wages that they are owed under Wisconsin law, plus 50% increased damages, and their attorneys fees and costs arising out of the Plaintiffs' claims under Wisconsin law;

3. Finds that Re-vi is liable to Plaintiffs for all prevailing wages owed, plus 100% increased damages, and their attorneys fees and costs arising out of the Wisconsin prevailing wage laws;

4. Grants to the Plaintiffs such other and further relief as the Court deems just and proper.

Dated this 10th day of November, 2017.

                           /s/Yingtao Ho_____
                           Yingtao Ho
                           yh@previant.com
                           Wis. Bar #1045418
                           Attorney for Plaintiffs
                           The Previant Law Firm S.C.
                           310 W. Wisconsin Avenue, Suite 100MW
                           Milwaukee, WI   53203
                           Telephone: 414-271-4500
                           Fax: 414/271-6308