IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JOHN KNEIPP, on behalf of himself and all
others similarly situated,

                       Plaintiffs,

v.

RE-VI DESIGN, LLC,

                       Defendant.

ORDER

17-cv-857-slc

---

In an order entered on August 21, 2018, dkt. 27, I granted plaintiff John Kneipp's motion for conditional certification of the following collective action under the Fair Labor Standards Act (FLSA):

> All hourly Re-vi employees who, on or after November 10, 2014, during a workweek had his overtime pay computed using a straight time (or non-blended) rate, which was lower than the highest straight time wage rate he received during the workweek.

I ordered defendant Re-vi Design, LLC to produce to Kneipp by September 5, 2018, an electronic list of names and addresses of all employees who fall within the scope of the collective action, and directed Kneipp's counsel to mail the court-approved notice to the putative members of the collective action by September 14.

On September 17, 2018, after the notice had been mailed to 29 individuals, Kneipp filed a motion to compel Re-vi to produce the names and addresses of *all* hourly employees (totaling about 100 employees) who worked for Re-vi on or after November 10, 2014, regardless of how their overtime (if any) was computed, so that they too could be sent the notice. Dkt. 28. Kneipp explains that "[r]ather than requiring the parties to waste their resources to litigate who should, and should not be included in the class, it would be much more efficient to authorize notice to all hourly employees . . . and leav[e] to the decertification stage the determination as

to which opt-in plaintiffs were in fact similarly situated to Kneipp." *Id.* at ¶ 11. Two days later, Re-vi filed a motion of its own, asking the court to clarify its order with respect to this issue, noting that the proposed notice stated that it was addressed to all hourly employees but the order required mailing only to the putative members of the class. Dkt. 30. Re-vi argues that requiring it to produce time records for employees who do not meet the class definition would be prejudicial, unnecessary and burdensome.

If I understand the parties' filings correctly, not only does Kneipp want Re-vi to produce a list of all of its hourly employees who were employed on or after November 10, 2014 but it seeks authorization to mail the notice to those employees, regardless whether they received overtime or how their overtime was calculated. Although I agree that the list of hourly employees is relevant and discoverable, I am not persuaded that sending a second round of notices to a broader scope of employees and asking those employees to determine for themselves whether they fall within the proposed class definition is the best path to take in this case.

Kneipp is concerned that allowing Re-vi to decide unilaterally who should receive the class notice may lead to the improper exclusion of class members. However, it makes little sense to leave it up to Re-vi's employees to determine whether they received overtime pay that was computed using a straight time or non-blended rate. In support of his proposal, Kneipp cites *Campeau v. NeuroScience, Inc.*, 86 F. Supp. 3d 912, 918 (W.D. Wis. 2015), in which Judge Peterson allowed a class notice to be sent broadly to "all female employees." However, *Campeau* involved allegations of unequal pay based on gender, and class membership was based at least in part on plaintiffs' "beliefs" that they were paid less than men with similar experience and qualifications. The court reasoned that the proposed notice allayed any concerns about

2

dissimilar plaintiffs blindly opting into the case because it specifically advised readers that "[i]f you fit the definition above *and do not believe you were paid fairly on account of your gender*, you are eligible to participate in the lawsuit." *Id.* Unlike in *Campeau*, the class definition in this case does not include a subjective component; membership in the class depends on whether an employee received two different pay rates within the same pay period and was paid for overtime using a straight-time versus blended rate calculation. It seems unlikely that Re-vi's past or current hourly employees will have any information within their possession that will help them determine whether they may qualify as class members. Some employees may recall whether they worked overtime hours during the relevant period, and possibly whether they were ever paid two different pay rates, but Re-vi's records are the best source of information regarding how overtime pay was actually calculated.

In sum, notice to all hourly employees is likely to be confusing, yield little useful information, and result in most plaintiffs blindly opting in to this case. Therefore, the more prudent course is to allow Kneipp the discovery he seeks so that he may review Re-vi's identification of putative class members, which is exactly what Kneipp would have to do for any hourly employees opting into the class. If there are any mistakes, Kneipp may notify Re-vi and the court so that additional notices may be sent if necessary.

ORDER

IT IS ORDERED that plaintiff John Kneipp's motion to compel, dkt. 28, and defendant Re-vi Design, LLC's motion for clarification, dkt. 30, are GRANTED only to the extent that, not later than **November 2, 2018**, defendant must produce a list of individuals whom it has employed on or after November 10, 2014. The motions are DENIED in all other respects.

Entered this 11th day of October, 2018.

BY THE COURT:

/s/

_____
STEPHEN L. CROCKER
Magistrate Judge