IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

JOHN KNEIPP, on behalf of himself and all
others similarly situated,

                 Plaintiffs,

v.

RE-VI DESIGN, LLC,

                 Defendant.

OPINION and ORDER

17-cv-857-slc

      Plaintiff John Kneipp has brought this action under the Fair Labor Standards Act (FLSA) and Wisconsin wage laws on behalf of himself and similarly-situated employees of defendant Re-Vi Design, LLC. In his FLSA collective action, Kneipp contends that defendant Re-Vi incorrectly relied on the exemption in 29 U.S.C. § 207(g)(2) for employees performing two or more kinds of work and calculated overtime pay using the hourly rate for the type of work performed by the employee during his or her overtime hours rather than a weighted average or blended rate for the different types of work performed throughout the entire workweek. Kneipp's state law claims are somewhat different. He contends that: (1) when an employee took a meal breaks lasting less than 30 minutes, Re-Vi did not compensate the employee for that time or count the time as time worked for the purpose of computing overtime pay; (2) Re-Vi calculated overtime pay using the rate for the type of work performed during overtime hours, rather than the average straight time (or blended) wage rate earned by the employee during the workweek;[1] and (3) Re-Vi failed to pay Kneipp prevailing wages for work he performed on some qualifying projects.

---

[1] Although this same overtime calculation appears to be at issue in both the federal and state law claims, the FLSA claim turns on the application of the statutory exemption, which is not at issue in the state law claims.

Now before the court are: (1) Kneipp's motion for class certification of his first two state law claims (lunch breaks and overtime calculation) under Fed. R. Civ. P. 23(a) and (b)(3), dkt. 32; and (2) Re-Vi's motion to decertify the FLSA collective action, dkt. 37. For the reasons stated below, I am denying the motion for class certification and granting the motion to decertify the collective action.

## PROCEDURAL HISTORY

On August 21, 2018, I conditionally certified the following collective action with respect to Kneipp's FLSA claim:

> All hourly Re-Vi employees who, on or after November 10, 2014, during a workweek had his overtime pay computed using a straight time (or non-blended) rate, which was lower than the highest straight time wage rate he received during the workweek.

Dkt. 27.

I ordered Re-vi to produce to Kneipp by September 5, 2018, an electronic list of names and addresses of all employees who fall within the scope of the collective action, and directed Kneipp's counsel to mail the court-approved notice to the putative members of the collective action by September 14.

On September 17, 2018, after the notice had been mailed to 29 individuals, Kneipp filed a motion to compel Re-Vi to produce the names and addresses of *all* hourly employees (totaling about 100 employees) who worked for the company on or after November 10, 2014, regardless how their overtime (if any) was computed, so that they too could be sent the notice. Dkt. 28. Although I granted the discovery request, I denied Kneipp's request to send the collective action notice to all hourly employees, finding that it was likely to be confusing, yield little useful

information, and result in most plaintiffs blindly opting in to this case. Dkt. 48 (Oct. 11, 2018 ord). Rather, I instructed Kneipp to identify any additional employees falling within the collective action definition and make arrangements with Re-Vi to send them notice.

Meanwhile, on September 28, 2018, Kneipp filed his motion to certify the following class with respect to his state law claims concerning lunch breaks and overtime calculation: All hourly employees who performed work for Re-Vi on or after November 10th, 2015. Dkt. 32. On the same day, Re-Vi filed a motion to decertify the collective action. Dkt. 37. Recognizing that the motion for decertification may be premature because the opt-in period for putative FLSA class members had not yet closed, Re-Vi filed an unopposed motion on October 30, 2018, asking to stay the briefing on its motion and the motion for class certification until November 2018. Dkts. 49-50. I granted that motion on November 1, 2018, and set new deadlines for Re-Vi to file a response brief in opposition to Kneipp's motion for class certification and supplemental arguments in support of its motion to decertify the FLSA collective action, as well as deadlines for Kneipp's responses. Dkt. 51.

On November 20, 2018, Re-Vi responded to Kneipp's motion for class certification, dkt. 53, and filed a second unopposed motion to stay briefing on the motion for class certification and motion to decertify pending distribution of the opt-in notice to 10 additional employees and further discovery, dkt. 52. I granted the motion to stay and extended the parties' briefing deadlines to January 2019. Dkt. 56. On January 18, 2019, Kneipp filed a reply brief in support of its motion for class certification. Dkt. 57. However, Re-Vi did not supplement its motion to decertify the collective action, and Kneipp never filed a brief in opposition to the original motion to decertify, presumably because no one opted in to the collective action.

## ANALYSIS

The case now stands in the following posture. Kneipp is the sole named plaintiff and has an individual claim under the FLSA for the incorrect calculation of overtime pay under the exemption in 29 U.S.C. § 207(g)(2), an individual prevailing wage claim under Wisconsin law, and individual and proposed class action claims related to lunch breaks and overtime calculation under Wisconsin law. The state of the FLSA collective action is unclear, but I presume from Kneipp's failure to respond to Re-Vi's motion and other statements made in the parties' filings that he does not oppose Re-Vi's motion to decertify the FLSA class because no additional plaintiffs opted into the collective action. However, even if a few other plaintiffs have opted in, the collective action would not be sufficiently numerous. Accordingly, the motion to decertify the collective action will be granted.

Kneipp's motion to certify a state law class is fully briefed, and the putative class consists of almost 160 Re-Vi employees for the lunch break claim and 39 members for the overtime computation claim. Without ruling on the matter, I note that the parties' briefs show the case for class certification is not insubstantial.

In its November 20, 2018 brief, Re-Vi opposed class certification under Fed. R. Civ. P. 23 primarily on the ground that exercise of supplemental jurisdiction under 28 U.S.C. § 1367(a) would be inappropriate given the lack of interest in Kneipp's FLSA collective action. Even though the Seventh Circuit has made clear that "there is no categorical rule against certifying a Rule 23(b)(3) state-law class action in a proceeding that also includes a collective action brought under the FLSA," *Ervin v. OS Restaurant Services, Inc.*, 632 F.3d 971, 979 (7th Cir. 2011), Re-Vi argues that the court should exercise its discretion under § 1367(c)(2) to relinquish jurisdiction

4

over the state law claims because they substantially predominate over Kneipp's individual FLSA claim.

As an initial matter, Kneipp argues that Re-Vi has waived its arguments by admitting in its answer that the court had supplemental jurisdiction over the state law claims and failing to raise the predominance issue as an affirmative defense. Kneipp acknowledges that the question whether the court may exercise supplemental jurisdiction under § 1367(a) is not waivable but contends that arguments related to the court's exercise of discretion under § 1367(c) are waivable if not raised as an affirmative defense. In support of his contention, Kneipp cites *Int'l Coll. of Surgeons v. City of Chicago*, 153 F.3d 356, 366 (7th Cir. 1998) (citing *Myers v. County of Lake*, 30 F.3d 847, 850 (7th Cir.1994)), in which the Seventh Circuit held that the plaintiff had waived its arguments regarding the district court's exercise of discretion under § 1367(c) by failing to raise them in the district court. In *Int'l Coll. of Surgeons*, however, the court of appeals was discussing waiver on appeal, not waiver for failure to plead an affirmative defense.

Kneipp generally argues that an affirmative defense is the assertion of facts and arguments that will defeat a plaintiff's claim even if all of the allegations in the complaint are true. Kneipp, however, fails to cite any authority supporting his contention that the exercise of discretion under § 1367(c) must be raised as an affirmative defense at the outset of a case. I looked on my own and didn't find any. The U.S. Supreme Court has instructed that the question whether to retain or relinquish supplemental jurisdiction over state law claims remains open "at every stage of the litigation." *City of Chicago v. Int'l College of Surgeons*, 522 U.S. 156, 173 (1997) (internal quotation marks omitted); *see also De La Riva v. Houlihan Smith & Co.*, 848 F. Supp. 2d 887, 889 (N.D. Ill. 2012). In this case, Re-Vi appropriately asserted its arguments

regarding supplemental jurisdiction when the viability of the FLSA collective action came into question. So, the issue is before this court.

Turning to Re-Vi's concerns, § 1367(c)(2) permits a court to decline supplemental jurisdiction if the state-law claims "substantially predominate" over the federal action. As Kneipp points out, the court of appeals has made clear that whether state law claims substantially predominate turns not on "[a] simple disparity in numbers" between the state-law class action and FLSA collective action, but on "the type of claim," meaning that if "the state law claims essentially replicate the FLSA claims[,] they plainly do not predominate." *Ervin*, 632 F.3d at 980. In this case, however, not one co-worker opted in to Kneipp's proposed collective action. This leaves Kneipp's individual FLSA claim. When faced with a similar situation involving two individual FLSA claims and no collective action, Judge Feinerman in the Northern District of Illinois concluded that

> This case does not present what *Ervin* characterized as a "simple disparity" between [a state law] class action and an FLSA collective action, with the [state] class members outnumbering the FLSA opt-in plaintiffs by less than an order of magnitude. This case instead involves a 122:1 disparity (244 to 2), greater than two orders of magnitude, and over an order of magnitude greater than the disparity present in . . . *Ervin*.

> *De La Riva*, 848 F. Supp. 2d at 890.

Judge Feinerman noted that the court in *Ervin* did not find that a disparity in numbers never establishes substantial predominance. This is what the court in *Ervin* said:

> Without taking a position on whether a state-law class might ever so dwarf a federal FLSA action that supplemental jurisdiction becomes too thin a reed on which to ferry the state claims into federal court, we can say conclusively that in the present case the disparity between the number of FLSA plaintiffs and the number of state-law plaintiffs is not enough to affect the supplemental

6

> jurisdiction analysis. In the majority of cases, it would undermine the efficiency rationale of supplemental jurisdiction if two separate forums were required to adjudicate precisely the same issues because there was a different number of plaintiffs participating in each claim.
>
> *Ervin*, 632 F.3d at 980-81.

In the instant case, even if Kneipp's single FLSA claim was not too thin a reed to ferry two class action claims in this court, there is a qualitative distinction between his proposed state class action and his FLSA individual action. Unlike *Ervin* and the other cases cited by Kneipp in favor of exercising supplemental jurisdiction, Kneipp's individual FLSA claim does not "essentially replicate" his state law class claims. *See Ervin*, 632 F.3d at 980 ("[S]tate law claims [that] essentially replicate the FLSA claims . . . plainly do not predominate."); *Hawkins v. Securitas Sec. Servs. USA, Inc.*, 280 F.R.D. 388, 398 (N.D. Ill. 2011) (individual FLSA claims materially identical to state law class claim). Kneipp's FLSA claim does not involve lunch breaks at all, and although both the federal and state overtime computation claims involve the use of a straight time versus blended rate, the FLSA claim turns on the application of a statutory exemption that is not at issue in the state law claim.

Kneipp argues that the Wisconsin claims present simple questions of liability—such as determining whether short lunch breaks must be paid under state law and determining how overtime pay was calculated when employees worked on multiple job sites—that would not predominate the FLSA claim. Although I agree that Kneipp's individual FLSA claim and individual Wisconsin wage claims are sufficiently related as to form part of the same case and controversy, the management and resolution of the proposed state class action claims in this

7

case, particularly with respect to damages, most definitely *would* predominate Kneipp's individual FLSA claim.

Kneipp argues that the damages portion of the trial is unlikely to require testimony from the individual class plaintiffs because "internet mapping software" and Re-Vi's time keeping system should provide accurate calculations of the individual class members' overtime hours and the duration of their traveling lunch breaks. However, in his brief in support of class certification, Kneipp admits that some explanatory testimony may be necessary if the records do not reflect that a class member took short lunch break but the class member asserts that s/he took one. Dkt. 33 at 20. Kneipp estimates that such questions could be resolved in 50-100 mini-trials taking no more than an hour or two each. Even if the court could do five of these mini-trials a day, this process would take two to four weeks of trial time. That is a huge commitment of this court's resources. The necessity of even relatively straight-forward post-trial damages proceedings devoted entirely to the Wisconsin claims of 100 potential class members weighs heavily in favor of finding substantial predominance under § 1367(c)(2). *De La Riva*, 848 F. Supp. 2d at 891 (finding same with respect to damages and noting that "[t]he same consideration did not arise in *Ervin*, where the post-trial proceedings would involve absent [state law] class members and absent FLSA opt-in plaintiffs"). The vast majority of the court's time and resources in this case would be spent on the state law class claims.

Accordingly, regardless whether the Rule 23 requirements are otherwise satisfied for Kneipp's proposed state law class, I am denying his motion for class certification because the supplemental state law class claims would substantially predominate over any individual FLSA claims. *See* 28 U.S.C. § 1367(c)(2). Re-Vi has not challenged the court's exercise of

8

supplemental jurisdiction as to Kneipp's individual state law claims, and I see no reason to decline to exercise it. Therefore, Kneipp may continue to pursue his individual state law claims in this court if he chooses to do so.

ORDER

IT IS ORDERED that plaintiff John Kneipp's motion for class certification under Fed. R. Civ. P. 23, dkt. 32, is DENIED, and defendant Re-vi Design, LLC's motion to decertify the FLSA collective action, dkt. 37, is GRANTED.

Entered this 15th day of March, 2019.

BY THE COURT:

/s/

_____
STEPHEN L. CROCKER
Magistrate Judge